**In re Richard F. DALEY.**

**No. 95–3–M.P.**

Supreme Court of Rhode Island.

Jan. 12, 1995.

David D. Curtin, Chief Disciplinary Counsel, for petitioner.

C. Leonard O'Brien, Jr., Lisa Gescheidt, Providence, for respondent.

### OPINION

PER CURIAM.

This matter is before the court on a decision and recommendation of the Supreme Court Disciplinary Board that the respondent, Richard F. Daley, be disbarred from the practice of law, with the effective date of that disbarment to be May 27, 1993, the date he voluntarily consented to his immediate suspension from the practice of law. For the reasons set forth below, this court hereby suspends the respondent for a period of four years, effective May 27, 1993.

The essential facts giving rise to this disciplinary proceeding are as follows. The respondent was retained on a contingent-fee basis to represent Suzanne and Jeffrey Holewka (the Holewkas) on a claim for personal injuries that were incurred as a result of a motor-vehicle collision that occurred in the State of Florida in August of 1989. On behalf of the Holewkas respondent pursued claims with the insurance carrier for the operator of the other motor vehicle and with the Holewkas' own insurance carrier under a provision for uninsured/underinsured-motorists coverage.

The respondent eventually settled each claim with the insurance companies and received settlement checks on behalf of the Holewkas. Of those settlement checks respondent wrongfully converted two, one in the amount of $9,165.75 and another in the amount of $9,629.25, to his own use. In addition respondent received moneys on the behalf of the Holewkas' for payment of outstanding medical bills and converted those funds to his own use as well.

On May 20, 1993, the chief disciplinary counsel filed with this court a petition for interim suspension, requesting an order that respondent be suspended from the practice of law pending further proceedings before the Disciplinary Board of the Supreme Court. On May 27, 1993, respondent appeared before this court with counsel and consented to his immediate interim suspension from the practice of law. On that same date he made full restitution of all moneys owed to the Holewkas. The source of those funds was proceeds from the sale of respondent's own home.

This matter duly proceeded to a hearing before a retired judge in accordance with Article III, Rule 4(c), of the Supreme Court Rules. At the hearing respondent did not contest any of the factual allegations raised against him. On the facts presented, the hearing judge found that the conduct of respondent as set forth above was in violation of the following Rules of Professional Conduct:

1. Rule 1.15(a), which provides in pertinent part:

"A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."

2. Rule 1.15(b):

"Upon receiving funds * * * in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds * * * that the client or third person is entitled to receive."

3. Rule 8.4(b), which states that it is misconduct for an attorney to

"commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]"

4. Rule 8.4(c), which states that it is misconduct for a lawyer to

"engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

The hearing judge found a number of factors that were considered in mitigation of respondent's conduct. First, respondent made full restitution to the Holewkas and made full payment of outstanding medical bills on their behalf. He sold his own home for substantially less than its full market value so that he could make full restitution immediately. He voluntarily consented to his suspension and has been very cooperative with the disciplinary board. On the basis of those actions, and his testimony and demeanor at the hearing, the hearing judge concluded that respondent can, at some point in the future, be a productive member of the Rhode Island Bar. Therefore, the hearing judge recommended that respondent be suspended from the practice of law for a period of four years, retroactive to May 27, 1993, the date of his original suspension.

The decision of the hearing judge was forwarded to the disciplinary board for its review pursuant to Article III, Rule 6(b) of the Supreme Court Rules. The board accepted and adopted the findings of fact as determined by the hearing judge and con-

curred with his determination that several mitigating factors exist that support the expectation of his eventual return to the productive practice of law. However, the board recommended that he be disbarred from the practice of law, with the effective date of that disbarment being the date of his consent to suspension. The board found such a recommendation to be consistent with prior dispositions by this court wherein an attorney has been found to have misappropriated client funds.

After our review of the record we are of the opinion that the decision and recommendation of the hearing judge is persuasive. The board is correct that misappropriation of client funds by an attorney warrants the imposition of the most severe disciplinary sanctions. However, the unique mitigating circumstances presented in this case cause us in this instance to select the sanction recommended by the hearing judge rather than the sanction of disbarment.

Therefore, we order that the respondent, Richard F. Daley, be suspended from the practice of law for a total period of four years, retroactive to May 27, 1993. On completion of that period of suspension, the respondent may apply to this court for reinstatement.